**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**TIFFANY GARTH, et al.**                                                                  **PLAINTIFFS**

**v.**                                               **CIVIL ACTION NO. 1:19cv192-DMB-RP**

**RAC ACCEPTANCE EAST, LLC**                                               **DEFENDANT**

<u>**ORDER DENYING MOTION TO STRIKE**</u>

This matter is before the court on the Plaintiffs' Joint Motion to Strike. Docket 159. The plaintiffs ask the court to strike two of the defendant RAC Acceptance East, LLC's witnesses from the pretrial order on the grounds that those individuals were not identified by RAC during discovery. RAC opposes the motion, arguing it satisfied its discovery obligations with respect to these individuals by listing "Corporate representatives of RAC" in its Rule 26(a) disclosure of individuals likely to have discoverable information. For the reasons below, the court finds the plaintiff's motion should be denied.

The plaintiffs brough this action seeking recovery for damages sustained when the vehicle in which they were traveling in the Tupelo, Mississippi area was allegedly involved in an accident caused by an RAC employee driving an RAC vehicle. In its Rule 26(a)(1)(A)(i) initial disclosures, in addition to identifying the driver of an RAC-logoed passenger van in the Tupelo area on the date in question, RAC stated, "Corporate representatives of RAC, potentially including current and prior store managers, are believed to have knowledge regarding Plaintiffs' claims and RAC's defenses in this matter." RAC never supplemented its initial disclosures or otherwise identified such corporate representatives during the discovery period, which expired on March 30, 2021.

1

In support of its summary judgment motion filed on April 13, 2021, RAC submitted a written declaration of RAC district manager Matthew Good stating that RAC has no records of any of its vehicles matching the description given by the plaintiffs – a commercial box truck -- being in the area where the accident allegedly occurred on the date in question.   Neither in their response to RAC's summary judgment motion or otherwise did the plaintiffs object to RAC's reliance on Good's declaration in support of its summary judgment motion, which remains pending.   In preparing its submissions for inclusion in the pretrial order in advance of the pretrial conference conducted on September 14, 2021, RAC listed Matthew Good and Michael Finley as witnesses RAC may call at trial.   The plaintiffs now seek to strike those witnesses from the pretrial order based on RAC's failure to identify them during discovery.

Rule 26(a)(1)(A)(i) requires each party to disclose, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Each party has a continuing duty to supplement this disclosure as necessary under Rule 26(e)(1). Rule 37(c)(1) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), that party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

RAC argues its generic identification of "corporate representatives" was sufficient to meet its initial disclosure obligation, and that it had no obligation to supplement that disclosure with the identities of Good and Finley, either or both of whom will testify not based on their

personal knowledge of the alleged accident, but rather in their managerial capacity based on their review of RAC's corporate records, as could any corporate representative. Said records, they will testify, contain no documentation that any of RAC's vehicles was involved in an accident on the day in question or that any of RAC's vehicles matching the description given by the plaintiffs was even in the area on the day in question. RAC argues that any discovery failure is the plaintiffs' – for failing to notice a Rule 30(b)(6) deposition or to conduct further written discovery in which they could have inquired about these matters. Neither RAC nor the plaintiffs cite controlling authority – and the court is aware of none -- on the general issue of whether a generic designation of "corporate representatives" is sufficient for Rule 26(a) purposes. Further, there is an apparent split of authority among district courts.

One line of cases tends to favor RAC's position. In *Moore v. Computer Associates International, Inc.,* the plaintiff moved to strike from the corporate defendant's summary judgment materials an affidavit by one of the defendant's corporate executives – who had not been identified in Rule 26(a) disclosures -- describing the defendant's general business model and operations with respect to the subject matter of the lawsuit. 653 F.Supp.2d 955, 959-60 (D. Ariz. 2009). The court denied the motion, stating, "The information is not rooted in [the executive's] individual experience, but is corporate in nature and could have been elicited from a number of Defendant's executives. Accordingly, [the executive] is not offering the sworn statements in her capacity as an 'individual,' defined by Rule 26(a)(1), but rather as a corporate spokesperson, as contemplated in Rule 30(b)(6)." 653 F.Supp.2d at 960 (internal footnote omitted). If the plaintiff had wanted to depose the defendant on the topics at issue, the court reasoned, the plaintiff could have done so during its Rule 30(b)(6) deposition of the defendant,

3

and "the responsibility for this oversight falls squarely on Plaintiff." *Id.* Likewise, in *Krawczyk v. Centurion Capital Corporation,* the court found that the corporate defendants' Rule 26(a) disclosure of "unknown representatives" adequately notified the plaintiff that the defendants might use information from company representatives to support their claims or defenses, and that any prejudice to the plaintiff resulted from the plaintiff's own failure to notice a Rule 30(b)(6) deposition. No. 06-C-6273, 2009 WL 395458, at *6 (N.D. Ill. Feb. 18, 2009).

Another line of cases, on the other hand, tends to support the plaintiffs' position. In *Rogers v. Bank of America, N.A.,* the plaintiff moved to compel the corporate defendant to supplement its Rule 26(a)(1)(A)(i) disclosures, in which the defendant identified "Custodian of Records and corporate representative(s)." No. 13-1333-CM-TJJ, 2014 WL 4681031, at *1 (D. Kan. Sept. 19, 2014). Although the defendant had supplemented its disclosure with the identifying and contact information of certain representatives, because the defendant continued to argue that its original designation of "corporate representative" and "records custodian" was sufficient compliance with Rule 26(a)(1), the plaintiff sought an order compelling the defendant to identify *all* its corporate representatives and records custodians that may have information to support its claims or defenses. 2014 WL 4681031, at *7. In its decision in favor of the plaintiff, the court reasoned as follows:

> The purpose of the 1993 amendments to Rule 26(a)(1) was to "accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information." Defendant's use of generic categories of unnamed individuals could apply to many individuals within its company and does not advance the goal of exchanging basic discoverable information about individuals likely to have discoverable information Defendant may use to support its claims or defenses. It also impedes the goal of eliminating the need for serving and responding to separate written discovery requests to obtain this information.

4

*Id.* at \*6 (internal footnote omitted). The court concluded that "Defendant's mere identification of individuals not by name but by a generic label that could apply to a number of its employees, such as Defendant's 'corporate representative' or 'records custodian,' is not sufficient to satisfy its initial disclosure obligations under Rule 26(a)(1)(A)(i)." *Id.* Rather than compel the defendant to further supplement its disclosures, the court simply prohibited the defendant from using any witness not already identified. *Id.* at \*7. *See also Toney v. Hakala,* No. 4:10-CV-2056-JAR, 2012 WL 1554911, at \*1 (E.D. Mo. April 13, 2012) (holding generic disclosure of employees such as "Custodian of Records" without names or contact information insufficient under Rule 26(a)); *Geico Casualty Company v. Beauford,* No. 8:05-cv-697-T-24 EAJ, 2007 WL 2412953, at \*5 (M.D. Fla. Aug. 21, 2007) (granting motion to exclude testimony by corporate representatives at trial because "naming a general category such as 'corporate representative' is not a sufficient disclosure under Rule 26").

In attempting to reconcile these two lines of authority that appear to be at such odds with one another, the court notices a factor common to some decisions coming down on both sides of the issue. In *Moore,* in denying the plaintiff's motion to strike the affidavit of the defendant's corporate executive who had not been identified in discovery, the court noted that in its Rule 26(a) disclosures, the defendant had identified two other corporate executives as having knowledge of the same subject matter, and yet the plaintiff did not question those executives about those topics during their depositions. 653 F.Supp.2d at 960 n.2. In other words, although the corporate affiant herself had not been identified in discovery, the subjects of the information that were "central topics of [her] affidavit" had been disclosed, and yet the plaintiff failed to avail himself of the opportunity to conduct discovery on those topics. *Id.*

Likewise, in *Mercury Luggage Manufacturing Company v. Domain Protection, LLC,* in denying the defendant's motion to strike the summary judgment affidavits of certain of the corporate plaintiff's witnesses who had been identified in Rule 26(a) disclosures only as "corporate representative," the court noted the plaintiff's Rule 26(a) disclosure of "the topics now covered by its witnesses," which topics "largely relate to historical events and registrations." No. 3:19-cv-01939-M, 2020 WL 7122859, at *4 (N.D. Tex. Dec. 4, 2020). In *Lyon v. Bankers Life and Casualty Company,* the court found the corporate defendant's Rule 26(a) disclosure of "corporate representatives" insufficient where there was "no reference to the subject areas of their testimony." No. CIV. 09-5070-JLV, 2011 WL 124629, at *6 (D. S.D. Jan. 14, 2011). According to the court, to approve such a disclosure "would defeat the automatic disclosure intent of the Rule and impair the ability of the other party to prepare appropriate interrogatories to develop testimony of those potential witnesses." 2011 WL 124629, at *6.

Based on its review of the referenced caselaw and on the intent of Rule 26(a), this court concludes that where a corporate party identifies its "corporate representatives" or other generic categories of employees as individuals likely to have discoverable information the disclosing party may use to support its claims or defenses, but makes no reference to the subjects of that information, such a disclosure is insufficient for Rule 26(a) purposes. By failing to notify the opposing party of the subjects of information such individuals may have, such a disclosure impairs the opposing party's ability to properly notice a Rule 30(b)(6) deposition or conduct other discovery on those unknown topics. In fact, in the absence of disclosure of the subjects of information, the opposing party may have no reason to believe that such discovery is even necessary. On the other hand, where the subjects of information are disclosed, and the

information is corporate in nature and could be elicited from any number of corporate representatives, then a generic designation of "corporate representatives" is sufficient. The opposing party in that instance is on notice of the topics about which it may wish to conduct further corporate discovery.

In the present case, RAC's Rule 26(a) disclosure of "corporate representatives," with no description of the subjects of information those individuals may have other than "knowledge regarding Plaintiff's claims and RAC's defenses in this matter," is insufficient. However, in response to a written interrogatory, RAC stated, "RAC has no knowledge or documentation related to an accident on May 1, 2019." This additional information having "otherwise been made known to the other parties during the discovery process or in writing," RAC had no duty under Rule 26(e) to formally supplement its Rule 26(a) disclosure with this information. This information is corporate in nature, it could be elicited from any number of corporate representatives, and it put the plaintiffs on notice of the potential need to conduct further corporate discovery on this topic. Their failure to do so falls squarely on them, not on RAC. RAC's corporate representatives Matthew Good and Michael Finley, having been timely identified as witnesses RAC may call at trial in accordance with Rule 26(a)(3), will be permitted to offer testimony at trial regarding RAC's lack of documentation of any accident on the day in question.

As to the expected testimony that RAC has no documentation of any of its vehicles matching the description given by the plaintiffs being in the area of the alleged accident on the day in question, although RAC apparently never disclosed this information during discovery, RAC submitted a declaration of Matthew Good containing this information in support of its

summary judgment motion on April 13, 2021.   In response, the plaintiffs did not object to this declaration or move to strike it.   To the contrary, the plaintiffs both cited portions Good's declaration in support of their opposition to the summary judgment motion.   The plaintiffs objected for the first time to testimony by Good only when RAC submitted Good's name for inclusion as one of its trial witnesses in the pretrial order in advance of the pretrial conference conducted on September 14, 2021, some five months after RAC had notified the plaintiffs, in connection with its summary judgment motion, that it intended to rely on the subject testimony by Good.   Local Uniform Civil Rule 26(a)(3) states, "The failure to take immediate action and seek court intervention when a known fact disclosure violation other than as to expert witnesses occurs will be considered by the court in determining the appropriate sanction to be imposed regarding a subsequent motion filed under Fed.R.Civ.P. 37(c)."   Given the lack of any objection by the plaintiffs to the court's consideration of Good's declaration in summary judgment proceedings, and given the plaintiffs' months-long delay in seeking court intervention after this known disclosure violation occurred, the court will not now preclude Good or Finley from offering trial testimony on this topic, which is corporate in nature and could be elicited from any number of RAC's corporate representatives.

      For these reasons, the Plaintiffs' Joint Motion to Strike is DENIED.   RAC will be permitted to call Matthew Good and/or Michael Finley to offer testimony at trial regarding RAC's lack of documentation of any accident occurring on the date in question or any of its vehicles matching the description given by the plaintiffs being in the area of the alleged accident on the day in question.   This order is without prejudice to the plaintiffs' right to object at trial to any testimony by Good or Finley outside these topics.

SO ORDERED, this the 27th day of September, 2021.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE