IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TIFFANY GARTH and NAKEITHRA**            **PLAINTIFFS**
**JOHNSON, Administratrix of the**
**Estate of Greg Humphrey**

**V.**            **NO. 1:19-CV-192-DMB-RP**

**RAC ACCEPTANCE EAST, LLC, et al.**            **DEFENDANTS**

## ORDER

RAC Acceptance East, LLC, filed two motions in limine seeking to preclude Tiffany Garth and Nakeithra Johnson[1] from presenting certain evidence, testimony, and arguments at trial.

**I**
**Procedural History**

On October 4, 2019, Tiffany Garth and Greg Humphrey filed a complaint in the Circuit Court of Lee County, Mississippi, against RAC Acceptance East, LLC, "Fictitious Defendant A," "Fictitious Defendant B," and "XYZ Corporation." Doc. #2. The complaint asserts that while Garth and Humphrey were traveling in Humphrey's vehicle, "a vehicle bearing the name of … Rent-A-Center" operated by a RAC employee "came over into … Humphrey's lane, forcing him off the roadway on the right side and onto the shoulder of the roadway, thereby causing [their] injuries and damages." *Id.* at 2. RAC, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on October 25, 2019. Doc. #1.

On March 18, 2021, Gregory Harbison, Humphrey's counsel, filed a suggestion of death

---

[1] On October 13, 2021, RAC's counsel notified the Court by e-mail that Johnson and RAC reached a settlement of Johnson's claims against RAC. Two days later, a stipulation was filed pursuant to Rule 41(a)(1)(A)(ii) dismissing without prejudice Johnson's claims against RAC. *See* Doc. #177.

stating that Humphrey died on March 11, 2021. Doc. #126. By order of United States Magistrate Judge Roy Percy, Nakeithra Johnson, administratrix of Humphrey's estate, was substituted as the proper party on May 26, 2021. Doc. #136.

RAC filed two separate motions in limine on August 31, 2021.[2] Docs. #147, #148. Garth filed a response to each motion in limine. Docs. #154, #155.[3] Johnson joined Garth's responses. Doc. #156. Trial is set for October 18, 2021. Doc. #123.

## II
## Motion in Limine Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574–75 (N.D. Miss. 2021) (cleaned up). Rulings on a motion in limine "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III
## RAC's First Motion in Limine

In its first motion in limine, RAC seeks to exclude "any and all evidence, testimony, exhibits, questions, references, arguments, or statements offered by [the plaintiffs] in the presence of the jury (whether in voir dire, opening statements, during presentation of evidence, questions, or closing argument) concerning" (1) "The Existence of Liability Insurance;" (2) "Settlement

---

[2] The same day, Garth also filed a motion in limine, Doc. #149, to which RAC responded, Doc. #151. Garth's motion in limine will be addressed by separate order.

[3] Garth sought and received an extension to file her responses. *See* Doc. #153.

2

Discussions;" (3) "Medical Records and Bills Offered without Proper Authentication and/or Foundation;" (4) "Police Report Offered as Proof of Accident Cause;" (5) "Hearsay Testimony Regarding Medical Treatment Provided to Plaintiffs and/or Associated Costs;" (6) "Wealth or Financial Condition of the Parties;" (7) "Documents or Other Exhibits Not Previously Disclosed to Defendant;" (8) "Lost Wages and/or Loss of Earning Capacity;" (9) "Reptile Theory/Conscience of the Community;" and (10) "Golden Rule Arguments." Doc. #147 at 1–6.

### A. Liability Insurance

RAC argues that "[a]ny testimony or evidence regarding liability insurance would unfairly prejudice the Defendant and is inadmissible" under Federal Rule of Evidence 411. Doc. #147 at 2. The plaintiffs respond that such evidence is admissible to "establish whether RAC had agency, ownership, or control over the truck or the female employee involved in the incident" but "to the extent necessary to avoid tainting a trial of this matter, [they] concede this point." Doc. #154 at PageID 1005. Based on the plaintiffs' concession, the Court presumes the plaintiffs do not intend to offer evidence of liability insurance for any purpose.[4] Accordingly, the motion is denied as moot in this respect.

### B. Settlement Discussions

RAC argues that "[e]vidence regarding the nature and content of any settlement discussions is inadmissible" under Federal Rule of Evidence 408. Doc. #147 at 2. The plaintiffs respond only that "[t]here is no automatic bar regarding the nature and content of settlement discussions" but "to the extent necessary to avoid tainting a trial of this matter, [they] concede this point." Doc. #154 at PageID 1005–06. Based on the plaintiffs' concession, the Court presumes the plaintiffs

---

[4] To the extent the Court is incorrect about the plaintiffs' intent, the plaintiffs must immediately notify the Court.

3

do not intend to offer evidence of any settlement discussions.[5] Accordingly, the motion is denied as moot in this respect.

### C. Medical Records

RAC seeks to exclude "[a]ny testimony by a non-treating physician as to medical causation" and "evidence of medical treatment (including medical records and bills) not proven, by a competent witness, to be causally related to the accident." Doc. #147 at 3. The plaintiffs respond that medical records do not need to be authenticated before trial; "RAC has not provided facts that show that [their] medical records are irrelevant and inadmissible;" they "are not required to lay a predicate for the introduction of medical bills;" and "[i]t would run counter to well established law if [they] were not allowed to testify about their medical treatment and/or expenses related thereto." Doc. #154 at PageID 1006.

It is not clear exactly what evidence RAC hopes to prevent from being admitted given that, among other things, it has not made the Court aware of any non-treating physicians the plaintiffs may call to testify. To the extent RAC seeks to challenge the described evidence for lack of a proper foundation or authentication, the Court cannot determine until trial whether a proper foundation or authentication is capable of being shown. The Court also is unable to determine until trial what medical treatment evidence may be able to be competently proven as causally related to the accident.[6] Further,

> [p]ursuant to Federal Rule of Evidence 701, a witness not testifying as an expert, may testify in the form of an opinion, so long as the opinion is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Under this rule, a lay witness may offer testimony as to medical symptoms but not as to medical

---

[5] To the extent the Court is incorrect about the plaintiffs' intent, the plaintiffs must immediately notify the Court.

[6] Even if some medical treatment may not be causally related to the accident, it may serve some other purpose, such as establishing medical status before the accident.

4

diagnoses which require the application of specialized knowledge.

*Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-cv-76, 2018 WL 2703134, at *2 (N.D. Miss. June 5, 2018) (collecting cases) (internal quotation marks omitted). For these reasons, it is not clear that the evidence described by RAC is inadmissible for all purposes and the motion is denied without prejudice in this respect.

### D. Police Report

RAC argues that the plaintiffs cannot introduce the police report as evidence of the accident or the accident's cause because "[e]verything on the police report was information relayed from Plaintiffs and, thus, cannot be offered as proof of the truth of the matter asserted[ because t]his is by-definition hearsay." Doc. #147 at 3. The plaintiffs respond that "[t]he investigating officer should be able to use the police report to corroborate his investigation of the matter" and, because Humphrey has died, "his statements should be admissible under Rule 804(a)(4)." Doc. #154 at PageID 1007. However, because the plaintiffs' revised exhibit list eliminates the police report as an exhibit, the motion is denied as moot in this respect.

### E. Medical Treatment and Costs

RAC seeks to prevent the plaintiffs from testifying "about what the doctors or other healthcare providers have told them regarding treatment, possible future treatment and medical expenses" as inadmissible hearsay. Doc. #147 at 4. The plaintiffs respond that they "may testify as to any medical treatment they underwent in relation to the subject incident because the treatment is a physical act and not a statement." Doc. #154 at PageID 1007.

To the extent the plaintiffs intend to offer their own testimony about previous statements by their doctors for the truth of the matter asserted, such statements are by definition hearsay and properly excluded. *See United States v. Piper*, 912 F.3d 847, 855 (5th Cir. 2019). As such, the

5

motion is granted to that extent. However, the motion is denied to the extent the plaintiffs may testify as to any medical treatment they actually received as "facts within [their] personal knowledge." *LaFarge v. Kyker*, No. 1:08-cv-185, 2011 WL 13157187, at *3 (N.D. Miss. May 10, 2011); *see Jackson v. Fam. Dollar Stores of La., Inc.*, No. 3:19-cv-388, 2021 WL 627004, at *1 (W.D. La. Feb. 17, 2021) ("[A] plaintiff can testify to medical treatment received …."); *Shah v. Jefferson Par. Sch. Bd.*, No. 11-2517, 2013 WL 6388635, at *1 (E.D. La. Dec. 6, 2013) (plaintiff allowed to testify "as to her personal knowledge of her medical conditions and medical treatment").

### F. Financial Condition

RAC submits that "[t]he wealth or poverty of the litigants is inadmissible," citing Federal Rule of Evidence 403. Doc. #147 at 4. The plaintiffs respond that RAC "has made no showing as to why the wealth or poverty of a litigant is inadmissible," only that "courts will sometimes exclude such evidence if it [sic] prejudicial effect outweighs its probative value." Doc. #154 at PageID 1008. "However, to the extent necessary to avoid tainting a trial of this matter, Plaintiffs concede this point as to the trial on liability, but to the extent punitive damages may be appropriate, Plaintiffs intend to use this information." *Id.*

RAC cites Federal Rule of Evidence 403 but does not provide any argument as to why exclusion of the litigants' financial status is appropriate under the rule. However, because the plaintiffs concede that financial status is not pertinent to liability and because the governing complaint does not mention much less demand punitive damages, *see* Doc. #2, the financial status of the litigants is irrelevant.[7] Accordingly, the motion is granted in this respect.

---

[7] Even had the plaintiffs demanded punitive damages, neither party has moved to bifurcate the trial and this Court would decline to do so sua sponte. *See Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018) ("[I]n [the] federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court.").

6

### G. Documents Not Previously Disclosed

RAC argues that the plaintiffs "should be precluded from presenting documents, photographs or any other exhibits that were not previously disclosed to defendant during the course of discovery." Doc. #147 at 4. The plaintiffs "agree that any undisclosed evidence held by either party should not be admitted at trial unless it is admitted for impeachment purposes." Doc. #154 at PageID 1008. In the absence of opposition by the plaintiffs (and in light of Rule 26's disclosure requirements), the motion will be granted with respect to any evidence previously undisclosed other than impeachment evidence.

### H. Lost Wages

Without citation to authority, RAC argues that because the plaintiffs "failed to disclose testimony from any employer regarding actual loss of wages or loss of future earning potential" and "failed to provide any evidence of an income by way of income tax records," no one, including the plaintiffs, should be permitted "to give an opinion concerning value [because] that opinion would be speculative, unsubstantiated with proper data, figures, measurements, or any methodological standard that would assist the jury in determining the amount of said damages." Doc. #147 at 5. The plaintiffs respond that they "have provided RAC with documentation reflecting the lost wages amount claimed as a result of the incident;" expert testimony is not necessary regarding lost wages; and they "should be allowed to present the best evidence available to them"—including their own testimony—"as long as it does not violate any other rule of evidence." Doc. #154 at PageID 1009.

The Court agrees an expert is not always required to prove lost wages or loss of future earning potential. *See Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 270 (5th Cir. 1994) ("It may be that in [some] cases expert testimony is unnecessary to apprise the jury of [a] plaintiff's

7

lost wages. A plaintiff may be able to testify to such amounts in simple cases."); *Walker v. Target Corp.*, No. 2:16-cv-42, 2017 WL 2929446, at *2 (S.D. Miss. July 7, 2017) ("Mississippi law does not require plaintiffs to use expert testimony to prove a loss of wage-earning capacity."). Additionally, RAC does not cite any authority, and the Court is not aware of any, stating that tax records are the only way to establish lost wages. Rather, the plaintiffs must offer the best evidence available to support their damages. *See Puckett Machinery Co. v. Edwards*, 641 So. 2d 29, 36–37 (Miss. 1994) ("[I]t is absolutely incumbent upon the party seeking to prove damages to offer into evidence the best evidence available for each and every item of damage. If he has records available, they must be produced."); *Coleman v. Swift Transp. Co. of Ariz., LLC*, No. 3:13-cv-3, 2014 WL 3533322, at *6 (N.D. Miss. July 16, 2014) ("Mississippi law, however, does not require the plaintiffs to use expert testimony to prove damages; it only requires the plaintiffs to prove their damages by 'the best evidence available.'").

Here, the documentation referenced by the plaintiffs is a letter submitted by Garth from her employer confirming the amount of her lost wages. *See* Doc. #154-3. Thus, to the extent RAC's motion is based upon the lack of an expert and lack of disclosure, it is without merit. However, because Garth has since withdrawn the letter from her exhibit list, making it unclear whether any testimony would be the best evidence available to her, the motion is denied without prejudice to RAC raising such argument at trial.

**I. Reptile Theory**

RAC broadly asks the Court to "exclude trial tactics often referred to as 'Reptile Theory,' 'Keenan,' or conscience of the community arguments," including "references to personal safety, community safety, conscience of the community, danger to the community, and other arguments." Doc. #147 at 5. RAC submits that such arguments seek "to provoke the jury to render a decision

based on their emotions and sense of self-preservation, rather than the evidence admitted at trial" and "[t]he Fifth Circuit has made it clear that such tactics are not to be allowed." *Id.* at 5–6. The plaintiffs respond that RAC failed to identify "the type of evidence it expects to exclude under this section" but rather "seeks to tell Plaintiffs' counsel how they may try their case, which is fundamentally improper." Doc. #154 at PageID 1009. The plaintiffs further argue that "[w]hether an appeal to the jury is impermissible depends upon the context of the argument and the manner in which it is made," making an advance ruling improper. *Id.* at PageID 1012.

"A conscience-of-the-community argument is any impassioned and prejudicial plea intended to evoke a sense of community loyalty, duty and expectation."[8] *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011) (cleaned up). Such argument is improper and will not be allowed during the trial in this case.[9] Accordingly, the motion is granted in this respect.

### J. Golden Rule Arguments

RAC asks the Court to exclude "Golden Rule" arguments, which "suggest[] that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them" and "encourage the jury to decide the case on the basis of personal interest and bias rather than on the evidence." Doc. #147 at 6 (internal quotation marks omitted). The plaintiffs respond that RAC did not provide examples of "the types of evidence [it] expects to preclude" and "the Fifth Circuit has ruled that the use of Golden Rule arguments are permitted as long as such argument does not prejudice the opposing party to [the] degree a new trial is necessary." Doc. #154 at PageID 1012.

---

[8] RAC does not specifically define "Reptile Theory" or "Keenan" trial tactics but based on the case it cites in support of its argument, the Court considers them to essentially be forms of conscious-of-the-community arguments.

[9] *See, e.g.*, *Grisham v. Longo*, No. 3:16-cv-299, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018) (granting motion in limine to exclude conscience of the community arguments because "[t]he jurors should be presented with the evidence needed to reach a reliable and accurate verdict, not with appeals to their personal interests, passion, and bias"). Though such improper argument may be corrected through objections by the opposing party and jury instructions, *see Learmonth*, 631 F.3d at 732–33, this Court prefers to preclude such tactics in advance of trial.

"A Golden Rule argument suggests that the jury 'place themselves in the plaintiff's position and do unto him as they would have him do unto them.'" *Learmonth*, 631 F.3d at 732 (quoting *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998)). Such arguments are improper when they may "prejudice[] the jury's findings with respect to damages." *Whitehead*, 163 F.3d at 278. But Golden Rule arguments are "not improper when urged on the issue of ultimate liability." *Johnson v. Aarons, Inc.*, No. 2:17-cv-137, 2019 WL 5847886, at *2–3 (S.D. Miss. July 3, 2019) (citing *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). This Court is unable to determine in advance of trial whether such arguments will be offered for a proper purpose. However, the Court will not allow arguments that ask the jury to decide the case based on anything other than the evidence. *See Stokes*, 710 F.2d at 1128 ("The … purpose [of forbidding Golden Rule arguments] is to reduce the risk of a jury decision based on emotion rather than trial evidence."). Accordingly, in this respect, the motion is granted without prejudice to the plaintiffs seeking permission to make such argument if they can show a proper purpose for such at trial.

## IV
## RAC's Second Motion in Limine

In its second motion in limine, RAC seeks to exclude "any and all evidence, testimony, exhibits, questions, references, arguments, or statements offered by [the plaintiffs] in the presence of the jury … concerning" Garth's personal injury causation and Humphrey's car damage causation. Doc. #148.

### A. Garth's Personal Injury Causation

RAC argues that the plaintiffs "have thus far proffered no admissible testimony concerning the cause of Garth's purported injuries" and Garth's physician, Gabriel Rulewicz, "did not provide the cause of Garth's ailments[ but r]ather, he testified that Garth told him that her injuries were the

10

result of a car wreck."[10] Doc. #148 at 1–2. The plaintiffs respond that the cases RAC cites in support of its request are distinguishable because they "precluded an expert witness from testifying about a medical area that [sic] which he was not qualified to testify." Doc. #155 at PageID 1019. They assert that Rulewicz, as Garth's treating physician, "may testify about what was disclosed to him at the time of treatment" and "whether Ms. Garth's injuries are consistent with her account of the collision." *Id.* at PageID 1021.

The Court agrees that the cases cited by RAC are distinguishable because, in each case, the witnesses in question were testifying as to matters outside of their areas of expertise.[11] Here, Garth seeks to introduce testimony of her treating physician related to her alleged injuries following a simple car accident. "[C]ourts have held that a treating physician may rely upon their ordinary medical training to opine on the causation of an injury." *Cantu v. Wayne Wilkens Trucking, LLC*, 487 F. Supp. 3d 578, 583 (W.D. Tex. 2020). Accordingly, the motion is denied without prejudice in this respect.

### B. Humphrey's Car Damage Causation

Because the claims asserted by Johnson as administratrix of Humphrey's estate have been resolved, the motion is denied as moot in this respect.

### V
### Conclusion

In accordance with the rulings above as to RAC's first motion in limine, the first motion in

---

[10] Despite citing Rulewicz's deposition, RAC did not submit any portion of the deposition as an exhibit to the motion in limine.

[11] *See Edmonds v. Ill. Cent. Gulf R.R. Co.*, 910 F.2d 1284, 1287 (5th Cir. 1990) (clinical psychologist was not qualified to testify as to whether stress worsened coronary artery disease); *Tanner v. Westbrook*, 174 F.3d 542, 548 (5th Cir. 1999) (doctor was not qualified to testify regarding causation of cerebral palsy where he did not have a background in studying cerebral palsy and had not examined the patient); *Carlson v. Bioremedi Therapeutic Sys., Inc.*, 822 F.3d 194, 200 (5th Cir. 2016) (chiropractor was likely not qualified as to medical causation because of lack of medical degree or experience in an ancillary field).

limine [147] is **GRANTED in Part and DENIED in Part**.  In accordance with the rulings above as to RAC's second motion in limine, the second motion in limine [148] is **DENIED**.

    **SO ORDERED**, this 18th day of October, 2021.

                                                                       /s/Debra M. Brown
                                                                       **UNITED STATES DISTRICT JUDGE**