IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TIFFANY GARTH and NAKEITHRA**                                      **PLAINTIFFS**
**JOHNSON, Administratrix of the**
**Estate of Greg Humphrey**

**V.**                                                              **NO. 1:19-CV-192-DMB-RP**

**RAC ACCEPTANCE EAST, LLC, et al.**                                **DEFENDANTS**

**ORDER**

Tiffany Garth filed a motion in limine seeking to exclude RAC Acceptance East, LLC from presenting certain evidence and testimony at trial.

**I**
**Procedural History**

On October 4, 2019, Tiffany Garth and Greg Humphrey filed a complaint in the Circuit Court of Lee County, Mississippi, against RAC Acceptance East, LLC, "Fictitious Defendant A," "Fictitious Defendant B," and "XYZ Corporation." Doc. #2. The complaint asserts that while Garth and Humphrey were traveling in Humphrey's vehicle, "a vehicle bearing the name of … Rent-A-Center" operated by a RAC employee "came over into … Humphrey's lane, forcing him off the roadway on the right side and onto the shoulder of the roadway, thereby causing Plaintiffs' injuries and damages." *Id.* at 2. RAC, invoking diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi on October 25, 2019. Doc. #1.

On March 18, 2021, Gregory Harbison, counsel for Humphrey, filed a suggestion of death stating that Humphrey died on March 11, 2021. Doc. #126. By order of United States Magistrate Judge Roy Percy, Nakeithra Johnson, administratrix of Humphrey's estate, was substituted as the

proper party on May 26, 2021.  Doc. #136.

Garth filed a motion in limine on August 31, 2021.[1]  Doc. #149.  RAC filed a response.  Doc. #151.  Trial is set for October 18, 2021.  Doc. #123.

## II
## Motion in Limine Standard

> The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds. To that end, evidentiary rulings should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context.

*Equal Emp. Opportunity Comm'n v. First Metro. Fin. Serv., Inc.*, 515 F. Supp. 3d 573, 574–75 (N.D. Miss. 2021) (cleaned up).  Rulings on a motion in limine "are not binding on the trial judge, and the judge may always change his mind during the course of a trial."  *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000).

## III
## Analysis

Garth seeks to preclude any evidence related to (1) "her weight, a degenerative condition, a repetitive injury, bone spurs, muscle weakness or not completing medical treatment;" (2) her previous attorneys in this case; (3) the cause of her injuries; (4) the reasonableness and necessity of her medical treatment; (5) her litigation history; (6) collateral sources, including medical records unless they appear in redacted form; (7) whether RAC employees were acting outside the course and scope of their employment; and (8) her financial condition, including any governmental benefits she receives.  Doc. #149 at PageID 981–87.  Garth also seeks to exclude the testimony of Matthew Good, as well as any documents or other witnesses not disclosed in discovery.  *Id.* at

---

[1] The same day, RAC filed two separate motions in limine.  Docs. #147, #148.  RAC's motions in limine were addressed by separate order.  Doc. #178.

PageID 987–88.

### A. Unopposed Requests

In response to Garth's motion, RAC indicates that it does not object regarding (1) "the attorneys [Garth] retained;" (2) "Garth's prior lawsuit;" (3) unredacted medical records; (4) "questions of the line and scope of employment;" or (5) "Garth's receipt (or not) of governmental benefits or her financial condition." Doc. #151 at 1 n.1. Accordingly, the motion is granted as unopposed with respect to these areas of evidence.

### B. Medical Conditions

Citing Federal Rules of Evidence 401 and 702, Garth seeks to exclude RAC from "eliciting testimony that [her] shoulder injury resulted from her weight, a degenerative condition, a repetitive injury, bone spurs, muscle weakness or not completing medical treatment," specifically with respect to the testimony of Dr. Gabe Rulewicz, one of Garth's treating physicians, because "[t]hese arguments are red herrings for which there is no proof, and Defendants [sic] have designated no expert to provide testimony." Doc. #149 at PageID 981–82. RAC responds that "[c]ausation is a fundamental fact question in this case" and although it did not designate an expert, it is Garth's burden to establish causation and RAC is "permitted to question and examine all evidence or testimony that Plaintiff introduces concerning causation." Doc. #151 at 1–2. To the extent Garth argues that the evidence would bias the jury against her, RAC argues "there is no explanation of how questioning witnesses regarding potential other causes would induce an emotional response from the jury." *Id.* at 2–3.

Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The cause of Garth's alleged injuries is a fact

3

of consequence in determining liability in this case and alternative causes of her injuries are clearly relevant. And given that RAC intends to rely on questions asked of Garth's own treating physician, the Court sees no reason to exclude the testimony. Accordingly, the motion is denied in this respect.

### C. Cause of Garth's Injuries

Similarly, Garth seeks to exclude evidence and testimony "challenging the cause of [her] injuries as Defendants [sic] have designated no expert to provide any information or otherwise to contest the cause of her injuries." Doc. #149 at PageID 982. RAC again responds that it is Garth who must prove causation; Rulewicz, as a "qualified medical expert[,] is permitted to extrapolate causation testimony from the patient's clinic picture;" and "there is nothing in Plaintiff's motion that explains why Defendant cannot elicit testimony about a fundamental issue in this case: causation." Doc. #151 at 3 (emphases omitted).

For the same reasons explained above, the motion is denied with respect to testimony as to the cause of Garth's injuries.

### D. Reasonableness of Medical Treatment

Garth argues that she may "exhibit her bills for examination by the Court and testify that said bills were incurred because of the injuries she sustained to support her claim for damages" and, because RAC has "offered no witness qualified to question the reasonableness and necessity of [her] medical expenses," "[a]ny evidence or testimony contesting the reasonableness and necessity of Plaintiff's medical bills and expenses should be excluded." Doc. #149 at PageID 983–84. RAC responds that despite Garth's argument that it "cannot rebut [her] medical bills without an expert," she is the one who bears the burden of "connecting the dots between her many medical bills (from chiropractor to dentistry) and the alleged accident" and has failed to identify an expert

4

in that regard. Doc. #151 at 4. RAC argues that none of its four proposed witnesses will testify as experts and it "is permitted to ask questions about the causation or proof of evidence and there is no rule of evidence or case providing that the introduction of medical bills somehow forecloses on testimony regarding causation." *Id.*

> [W]hen a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were incurred as a result of the injuries complained of, they become prima facie evidence that the bills so paid or incurred were necessary and reasonable. However, the opposing party may, if desired, rebut the necessity and reasonableness of the bills by proper evidence. The ultimate question is then for the fact-finder to determine.

*City of Jackson v. Graham*, 226 So. 3d 608, 613 (Miss. Ct. App. 2017) (cleaned up) (quoting *Jackson v. Brumfield*, 458 So. 2d 736, 737 (Miss. 1984)). An opposing party may present "proper evidence" to rebut reasonableness and necessity through cross-examination regarding causation. *See id*. Because RAC is not required to present expert testimony as to the reasonableness of the medical bills and may properly rebut reasonableness through cross-examination, the motion will be denied in this regard.

### E. Matthew Good

Garth seeks to exclude the testimony of Matthew Good because he "was never listed or identified by Defendants [sic] as a witness with knowledge"[2] and, because he "is a district manager and not in each store daily, … his knowledge is based upon inadmissible hearsay." Doc. #149 at PageID 987. RAC responds that it "identified [Good] in its initial disclosures when it provided that 'corporate representatives of RAC, potentially including current and prior store managers, are believed to have knowledge regarding Plaintiffs' claims and RAC's defenses in this matter'" and Garth "failed to notice a 30(b)(6) deposition and … failed to ask about the current and prior store

---

[2] "However, Defendants [sic] provided his affidavit in discovery." Doc. #149 at PageID 987.

managers" such that she "failed to depose or question the proper individuals, by no fault of RAC." Doc. #151 at 4–5. Additionally, RAC represents that "Good is testifying about what vehicles RAC had (or did not have) on the road" the date of the accident. *Id.* at 5, n.3.

With respect to Good's disclosure during discovery, both Garth and RAC advanced similar arguments in the briefing on Garth's motion to strike Good from the pretrial order. In denying the motion to strike, United States Magistrate Judge Roy Percy explained:

> [W]here a corporate party identifies its "corporate representatives" or other generic categories of employees as individuals likely to have discoverable information the disclosing party may use to support its claims or defenses, but makes no reference to the subjects of that information, such a disclosure is insufficient for Rule 26(a) purposes. By failing to notify the opposing party of the subjects of information such individual may have, such a disclosure impairs the opposing party's ability to properly notice a Rule 30(b)(6) deposition or conduct other discovery on those unknown topics. … On the other hand, where the subjects of information are disclosed, and the information is corporate in nature and could be elicited from any number of corporate representatives, then a generic designation of "corporate representatives" is sufficient. The opposing party in that instance is on notice of the topics about which it may wish to conduct further corporate discovery.

Doc. #162 at PageID 1090–91. Judge Percy found that RAC's disclosure of "corporate representatives" was insufficient but because (1) while discovery was still ongoing, it disclosed in response to a written interrogatory that "RAC has no knowledge or documentation related to the accident" and (2) this information was corporate in nature, RAC timely identified Good[3] as a witness. *Id.* at PageID 1091. Judge Percy also denied Garth's motion for reconsideration of the ruling. Doc. #168.

Because Garth did not appeal Judge Percy's decision,[4] Judge Percy's ruling is the law of this case. For that reason, the Court will not exclude testimony by Good on the basis urged by Garth. And though Garth asserts that "any information [Good] would have is based upon what

---

[3] Judge Percy's order also identified a Michael Finley. *See* Doc. #162 at PageID 1091.

[4] *See* L.U. Civ. R. 72(a)(1).

6

someone told him which is inadmissible hearsay,"[5] without more information regarding the subject matter of Good's testimony and for what purpose it will be offered, the Court cannot conclude before trial that it is hearsay. As such, the motion will be denied without prejudice in this respect.

### F. Undisclosed Evidence

Garth moves to exclude "any documents Defendants [sic] have obtained but failed to produce and any other undisclosed witnesses that Defendants [sic] may try to produce for the first time." Doc. #149 at PageID 988. RAC fails to address this argument, other than to argue in support of Good's testimony. *See generally* Doc. #151. For the same reasons the Court excluded "evidence not previously disclosed to the opposing party other than for impeachment purposes" in ruling on RAC's motion in limine, Doc. #178, Garth's motion in limine is granted in this respect.

### IV
### Conclusion

In accordance with the rulings above, Garth's motion in limine [149] is **GRANTED in Part and DENIED in Part**.

**SO ORDERED**, this 18th day of October, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] Doc. #149 at PageID 988.

7